SEARS, ROEBUCK & Co. *v.* UNITED STATES

No. 5748.—Invoice dated Dusseldorf, Germany, January 25, 1933.
Certified February 1, 1933.
Entered at Chicago, Ill., February 15, 1933.
Entry No. 5450 "B."

(Decided October 23, 1942)

*Wallace & Schwartz (Barnes, Richardson & Colburn,* by *Joseph Schwartz* of counsel) for the plaintiffs.

*Paul P. Rao,* Assistant Attorney General *(Dorothy C. Bennett,* special attorney), for the defendant.

DALLINGER, Judge: This appeal, filed by the importer under section 501 of the Tariff Act of 1930 and section 210 of the Antidumping Act of 1921, seeks a reappraisement of certain poultry wire netting exported from Germany in February 1933.

The Secretary of the Treasury in T. D. 46826, dated January 11, 1934, 65 Treas. Dec. 56, published a finding of dumping on woven wire fencing and woven wire netting imported from Germany.

The poultry netting in question was accordingly appraised under the provisions of said antidumping act, the appraiser returning the purchase price as defined in section 203 of said act and foreign market value on the date of purchase as defined in section 205 of said act. The difference between those two prices represents the special dumping duties assessable under section 202 (a) of the antidumping act.

The plaintiffs claim that both the appraisement under section 402 of the Tariff Act of 1930 and the Appraiser's action under the Antidumping Act of 1921 were null and void.

At the hearing held at Chicago on December 9, 1940, the plaintiffs did not introduce any evidence as to the value of the merchandise either under the Tariff Act of 1930 or under the Antidumping Act of 1921. However, the plaintiffs moved to vacate the appraisement on the ground that it was null and void in that there was an insufficient designation by the collector and examination by the appraiser of the involved merchandise.

Counsel for the Government contended that such motion was irrelevant for the reason that the appraisement herein took place subsequent to the passage of the Administrative Act of 1938, and the trial judge so held. This ruling of the trial judge was accepted by counsel for the plaintiffs in their brief filed herein.

The sole question before me, therefore, is whether the action of the appraiser under the Antidumping Act of 1921 was valid, as claimed by counsel for the Government, or null and void, as claimed by counsel for the plaintiffs. The ground upon which counsel for the plaintiffs contend that the action by the appraiser under the Antidumping Act of 1921 is null and void is based upon the contention that the poultry wire netting involved herein is not woven wire netting within the purview of the finding of the Secretary of the Treasury, T. D. 46826, above referred to.

Two different sizes of poultry wire netting illustrative of that involved herein were received in evidence as illustrative exhibits A and B. In addition, page 830 of a catalog of Sears, Roebuck & Co. giving a pictorial illustration of similar poultry wire netting was admitted herein as exhibit 1. No other evidence was offered by the plaintiffs.

From a careful examination of the samples in question, I am satisfied that the merchandise at bar consists only of warp wires twisted together, there being no weft or filling wires. Therefore, the cases of *Wilbur Ellis Co.* v. *United States*, 6 Cust. Ct. 57, C. D. 426, and *Cron & Dehn Hardware Corp. et al.* v. *United States*, 18 C. C. P. A. 445, T. D. 44699, are here controlling.

Upon all the facts and the law applicable thereto, I therefore hold that the appraisement under the Antidumping Act of 1921 must be

and hereby is vacated and set aside and that the values found by the appraiser under section 402 of the Tariff Act of 1930 are hereby held to be the proper dutiable values of said merchandise

Judgment will be rendered accordingly.